UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BIMBO BAKERIES USA, INC.** *Plaintiff*, v. **CHRIS BOTTICELLA,** *Defendant*. | Civil Action No. 2:10-CV-00194-RBS |

**ORDER**

AND NOW, this ____ day of _____, 2010, upon consideration of defendant Chris Botticella's Motion To Supplement Record So As To Correct Misleading Argument, and any opposition by plaintiff Bimbo Bakeries USA, Inc. thereto,

IT IS HEREBY ORDERED that Botticella's Motion is GRANTED.

BY THE COURT:

_____
Surrick, J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BIMBO BAKERIES USA, INC.** | |
| *Plaintiff*, | Civil Action No. 2:10-CV-00194-RBS |
| v. | |
| **CHRIS BOTTICELLA,** | |
| *Defendant*. | |

### DEFENDANT CHRIS BOTTICELLA'S MOTION
### TO SUPPLEMENT RECORD SO AS TO
### CORRECT MISLEADING ARGUMENT

Defendant Chris Botticella respectfully moves this Court to supplement the record so as to correct a misleading argument. The grounds supporting this Motion are set forth in the accompanying brief, which is incorporated by reference.

Respectfully submitted,

　　/s/ Elizabeth K. Ainslie
Elizabeth K. Ainslie (I.D. No. 35870)
SCHNADER, HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
215-751-2000 (tel)
215-972-2205 (fax)

Dated: February 4, 2010

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BIMBO BAKERIES USA, INC.** | |
| *Plaintiff*, | Civil Action No. 2:10-CV-00194-RBS |
| v. | |
| **CHRIS BOTTICELLA,** | |
| *Defendant*. | |

**DEFENDANT CHRIS BOTTICELLA'S BRIEF IN SUPPORT
OF MOTION TO SUPPLEMENT RECORD SO AS TO
CORRECT MISLEADING ARGUMENT**

Defendant Chris Botticella, by his counsel, respectfully requests permission to add the nine pages of his deposition which are attached as Exhibit A to the evidentiary record of the preliminary injunction hearing held on January 25, 2010.

As grounds therefor, defendant says that counsel for plaintiff Bimbo Bakeries made an argument to this Court on February 3, 2010, based on a portion of Mr. Botticella's deposition which plaintiff had not designated or presented to the Court during the evidentiary hearing. The inclusion of the entirety of that deposition passage is necessary to correct the thrust of counsel's argument.[1]

---

[1] Since the portion relied on by Michael Banks at oral argument had not been designated at the evidentiary hearing nor had the argument based on it been made at that hearing, undersigned counsel did not waive her right to counter-designate these pages.

The partial deposition transcript presented by plaintiff at the hearing is attached as Exhibit B. Comparison of the full transcript excerpt in Exhibit A with the partial deposition transcript in Exhibit B shows that Bimbo failed to include in its evidence the passage in which Mr. Botticella estimated the time of a call he made on January 13 to be 10:00 Pacific time. (Transcript, 114.)

At argument, Bimbo's counsel turned this testimony, which was not in the record, from an estimate into a precise figure and argued that because files, some confidential and some not, were accessed quickly at about 2 minutes after 10:00 Pacific time, the call *caused* the accessing. In his argument, Michael Banks said repeatedly that on January 13, Mr. Botticella accessed confidential Bimbo Bakery documents within *minutes* after being told he had to leave the Bimbo Bakery premises. This factual assertion by Bimbo's counsel was at the heart of his insistence that Mr. Botticella was a dishonest employee, an employee of such dishonesty that by this fact alone it was "likely" if not inevitable that Mr. Botticella would divulge confidential information to his new employer Hostess. But this assertion is false.

As these pages show, after January 4, when Mr. Botticella emailed his resignation notice to his boss, Joe Dangelmaier, Mr. Botticella continued to work at Bimbo because he wanted to finish up two projects that he had begun. Then, on January *12* – not January 13 – Mr. Dangelmaier told Mr. Botticella that he probably was going to let him go that day.

Therefore, while it is true that documents, a few of them confidential, were accessed from Mr. Botticella's computer on January 13, and while it is true that January 13 was the day that Mr. Botticella's offer to leave Bimbo Bakeries that very day was accepted, the process of Mr. Botticella's departure from Bimbo was not limited to the date of January 13;

2

rather, it extended from January 4, the date on which Mr. Botticella formally announced his resignation, through January 13. Nor was January 13 the only date on which Mr. Botticella accessed computer files for the purpose of practicing his computer skills. As the pattern in plaintiff's own Exhibit 2 shows, the mixture of possibly confidential and clearly non-confidential files were accessed in groups (the pattern plaintiff's expert agreed was consistent with Mr. Botticella's having practiced transferring files from his laptop to his thumb drive and back again) occurred on December 31, a date *before* Mr. Botticella tendered his resignation; again on January 4, the date he sent in his resignation; again January 11, a date on which nothing in particular happened so far as Mr. Botticella's departure from Bimbo was concerned; and for at least the fourth time on January 13.

When the full and accurate sequence of events is considered, the causation argued by Bimbo's counsel disappears. First, Mr. Botticella himself offered to leave on January 13; it was not demanded of him. Second, we do not know whether the accessing of files, only a portion of which were confidential, on January 13 occurred before or after the telephone call with Lou Manilla, an HR officer for Bimbo. And third, Mr. Botticella's departure from Bimbo occurred in stages, from his written resignation email on January 4 through his actual departure on January 13, and the accessing of computer files (some confidential, many not) in groups also occurred on several dates other than January 13. In light of the full sequence of events, the fact that accessing of files occurred on Mr. Botticella's last day in the office as well as on previous days says little or nothing about the nature of the accessing.

3

Bimbo cannot, therefore, prove anything relevant about the accessing of files from Mr. Botticella's computer, let alone anything about his specific job duties at Hostess, and let alone anything that would demonstrate that it would be impossible for Mr. Botticella to perform those duties without divulging confidential Bimbo information.

Respectfully submitted,

    /s/ Elizabeth K. Ainslie
Elizabeth K. Ainslie (I.D. No. 35870)
SCHNADER, HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
215-751-2000 (tel)
215-972-2205 (fax)

Dated: February 4, 2010

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendant Chris Botticella's Motion to Supplement Record So As to Correct Misleading Argument and the accompanying Brief have been filed electronically and are available for viewing and downloading from the ECF system, and that the following counsel has consented to electronic service:

>Michael L. Banks, Esquire
>Morgan, Lewis & Bockius LLP
>1701 Market Street
>Philadelphia, Pennsylvania
>*Attorney for Plaintiff*

>    /s/Elizabeth K. Ainslie
>Elizabeth K. Ainslie
>SCHNADER, HARRISON SEGAL & LEWIS LLP
>1600 Market Street, Suite 3600
>Philadelphia, PA 19103
>215-751-2359 (tel)
>215-751-2205 (fax)
>Attorney for Defendant

February 4, 2010